UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>VITALY FARGESEN and IGOR PALATNIK,<br><br>Defendants. | No. 21-cr-602 |

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE**
**<u>(LETTER ROGATORY)</u>**

The United States District Court for the Southern District of New York presents its compliments to the appropriate judicial authority of the United Arab Emirates, and requests international judicial assistance to obtain evidence to be used in a criminal proceeding before this court in the above-captioned matter (the "**Action**"). A trial on this Action is scheduled to begin on February 27, 2023 in New York, New York, United States of America.

This Court requests the assistance described herein as necessary in the interests of justice. The assistance requested is that the appropriate judicial authority of the United Arab Emirates allow the depositions of the following individuals (the "**Dubai Witnesses**"), who have all indicated their voluntary consent to give oral testimony to be used in this criminal proceeding, and to do so via videoconference from the United States Embassy in Abu Dhabi or the United States Consulate in Dubai: Merdan Gurbanov, Mekan Gurbanov, Vitaly Snagovskiy.

1

I. **Facts of the Case**

A. **The Government's Allegations**

Via "**Indictment**," the United States "**Government**" has charged Defendants Vitaly Fargesen and Igor Palatnik with four counts of securities fraud, wire fraud, and conspiracy to commit securities fraud and wire fraud. Messrs. Fargesen and Palatnik held positions at CanaFarma Corp. and, following a merger with a Canadian company, CanaFarma Hemp Products Corp. (together with CanaFarma Corp., "**CanaFarma**.").

The Government alleges that Messrs. Fargesen and Palatnik defrauded CanaFarma investors by soliciting more than $14 million with false and misleading representations concerning CanaFarma, and by manipulating CanaFarma's public stock price. The Government alleges that Messrs. Fargesen and Palatnik ultimately misappropriated approximately $4 million of CanaFarma funds: (1) an allegedly-fictitious $1.4 million marketing expense; (2) an allegedly-fictitious $2 million consulting agreement with "**Individual-1**," which purported to be for marketing services but was actually intended to refund Merdan's investment in CanaFarma without requiring Individual-1 to return his CanaFarma shares; (3) a fictitious $374,000 expense for a purported road show, and (4) in a plan proposed by Individual-1, a fictitious $350,000 purchase of software and services from one or more third-party companies controlled by Individual-1, whose funds were returned to CanaFarma disguised as "revenue," in order to increase CanaFarma's stock price.

### B. The Dubai Witnesses' Anticipated Testimony

Merdan provided a sworn declaration to explain why he, his brother Mekan, and their friend Mr. Snagovskiy would like to provide videoconference testimony in this U.S. criminal action.

Merdan has sworn that (1) the Dubai Witnesses invested in CanaFarma on Merdan's recommendation; (2) all three live and work in Dubai; (3) none is a U.S. citizen; (4) all three have read the Government's Indictment and believe its accusations against Messrs. Fargesen and Palatnik are false; (5) all three Dubai Witnesses are willing to testify in this criminal action, but are not willing to travel to the United States to do so; (6) the U.S. Government has never contacted any of them to discuss CanaFarma or this Action; and (7) "Individual-1" in the Indictment refers to Merdan.

Regarding the Indictment's specific facts, Merdan declares that (1) Messrs. Fargesen and Palatnik's alleged "misappropriation" of $1.4 million was in fact approved by a group of controlling investors, including the Dubai Witnesses; (2) the allegedly-fictitious $2 million consulting agreement between CanaFarma and Merdan was not fake, did not "refund" Merdan's investment, and in fact resulted in significant services to CanaFarma; (3) the $350,000 paid for software and services to companies controlled by Merdan were similarly legitimate; and (4) Merdan never suggested a $350,000 "round-tripping" scheme to artificially increase CanaFarma's revenue and stock price.

In its decision on Messrs. Palatnik and Fargensen's Rule 15 motion, "this Court ha[d] little trouble concluding" that the Dubai Witnesses' testimony "is material in that it is highly relevant to the central issue in this case, namely, whether Defendants committed or conspired to commit securities fraud or wire fraud."

## II. Evidence Sought from the United Arab Emirates

The three Dubai Witnesses have indicated that they are willing to provide sworn testimony via depositions in this Action. The Dubai Witnesses are willing, and this Court has approved, for said depositions to occur via videoconference, with the Dubai Witnesses at the U.S. Consulate in Dubai or the U.S. Embassy in Abu Dhabi, and the parties' respective attorneys in New York, New York. The Dubai Witnesses' depositions would be recorded by video and court reporter, creating both video and written records of the Dubai Witnesses' testimony.

## III. Reciprocity and Reimbursement

This Court appreciates your consideration of and assistance with this request for international judicial assistance, and is willing to provide similar assistance to judicial authorities of the United Arab Emirates.

This Action's parties are willing to reimburse the judicial authorities of the United Arab Emirates for costs incurred in executing this Court's letters rogatory.

4

WE THEREFORE REQUEST that in the interests of justice, you cause, by your proper and usual process, the Dubai Witnesses to give testimony under oath or solemn affirmation by questions and answers upon oral examination, such examination to continue from day to day until completed, at the United States Consulate in Dubai or the United States Embassy in Abu Dhabi.

WE FURTHER REQUEST that you cause said oral examinations to be reduced to video recording and to writing, and that such files, books, papers, or other articles that said witness may identify at the oral examination be marked as exhibits and attested, and that you cause these to be returned to us through the nearest United States Consular Officer under cover duly sealed and addressed to the Clerk of the United States District Court for the Southern District of New York, United States of America, and we shall be ready and willing to do the same for you in a similar case, when required.

Dated: November 3, 2022
       New York, New York

_Loretta A. Preska_
The Honorable Loretta A. Preska
Senior United States District Judge

5