```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>-against-<br><br>VITALY FARGESEN, IGOR PALATNIK,<br><br>                    Defendants. | No. 21 CR 602 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

   Before the Court is the Government's request that the Court order defense witness Merdan Gurbanov to produce certain documents prior to his Federal Rule of Criminal Procedure 15 deposition, (dkt. no. 134), Defendants' response, (dkt. no. 139), and the Government's reply, (dkt. no. 140).

   Under Federal Rule of Criminal Procedure 15, the Court has discretion to order any Rule 15 deponent "to produce at the deposition any designated material that is not privileged, including any book, paper, document, record, recording, or data." The Government requests that, "for the deposition to proceed," Mr. Gubanov be required to produce "the following records (including native files with associated metadata) along with a privilege log to the extent that any record falling into the following categories is subject to a valid claim of privilege":

   1. All consulting agreements, invoices, expense records, and other records of research conducted and services rendered—including but not limited to consultation work, research, identity design, analysis and calculations, business

1

   development, coordination of external service providers,
   and assessment of CanaFarma's competitors—by Mr. Gurbanov
   and/or Privilege Group for CanaFarma and/or any affiliate
   or representative.

2. All records of communications related to CanaFarma in any
   respect and Mr. Gurbanov's deposition or other testimony in
   this or any related case between Mr. Gurbanov and Igor
   Palatnik and/or Palatnik's employees, agents, or attorneys
   since January 1, 2021.

3. Any records relating to travel to Turkey in or about August
   and September 2020; and

4. All records reflecting payments at any time to Privilege
   Group or Mr.Gurbanov from CanaFarma or any of its
   principals or affiliates, whether transmitted directly or
   indirectly, including but not limited to payments from
   Intelanyze LLC, AD Concepts LLC, Direkt Finance LLC, Igor
   Palatnik, Vitaly Fargesen, Kirill Chumenko, Frank Barone,
   and/or David Lonsdale.

(Dkt. no. 134 at 1-2; dkt. no. 140 at 3.)  Defendants agree that requests 1 and 4 seek relevant documents and do not object to requesting that Mr. Gurbanov produce those documents.  (Dkt. no. 139 at 3.)  Defendants objected to request 2 as irrelevant or overbroad, (dkt. no. 139 at 4), after which the Government narrowed request 2 to include not "all records of communication," but only records of communication related to CanaFarma or to Mr. Gurbanov's deposition or other testimony in this case or in any related case (dkt. no. 140 at 3).[1]  The Government explains that the documents it requests in request 2 are relevant because "the date range post-dates the time period when Gurbanov was paid $2 million for purported marketing

---

[1] This change is reflected in the Court's recitation of the Government's request.

services (which the Government intends to prove at trial were, in fact, a reimbursement of his investor funds) and the dates when he justified those expenses to BDO as part of a CanaFarma audit" and thus this request is "designed to capture records that Gurbanov has produced to Palatnik or his agents as relevant to CanaFarma."  (Id.)  Defendants also object to request 3 as "irrelevant and vague."  (Dkt. no. 139 at 4.)  The Government explains that this request is designed to capture evidence "that the defendants, Gurbanov, and others met in Turkey to discuss various methods to artificially inflate CanaFarma's revenue in order to make it appear—falsely—that CanaFarma's sales were robust."  (Dkt. no. 140 at 3.)

The Court finds that the Government's requests, as narrowed by the Government's reply, are narrowly tailored and seek relevant information.  The Court therefore exercises its discretion under Federal Rule of Criminal Procedure 15 to order Mr. Gurbanov to produce in advance of his scheduled deposition:

1. All consulting agreements, invoices, expense records, and other records of research conducted and services rendered—including but not limited to consultation work, research, identity design, analysis and calculations, business development, coordination of external service providers, and assessment of CanaFarma's competitors—by Mr. Gurbanov and/or Privilege Group for CanaFarma and/or any affiliate or representative.

2. All records of communications related to CanaFarma in any respect and Mr. Gurbanov's deposition or other testimony in this or any related case between Mr. Gurbanov and Igor Palatnik and/or Palatnik's employees, agents, or attorneys since January 1, 2021.

3. Any records relating to travel to Turkey in or about August and September 2020; and

4. All records reflecting payments at any time to Privilege Group or Mr. Gurbanov from CanaFarma or any of its principals or affiliates, whether transmitted directly or indirectly, including but not limited to payments from Intelanyze LLC, AD Concepts LLC, Direkt Finance LLC, Igor Palatnik, Vitaly Fargesen, Kirill Chumenko, Frank Barone, and/or David Lonsdale.

Defense counsel shall communicate the Court's requirement to Mr. Gurbanov. Mr. Gurbanov's deposition shall not be adjourned or cancelled absent further order of the Court. However, the Government shall inform the Court of any non-compliance with the Court's order 24-hours prior to Mr. Gurbanov's deposition. Mr. Gurbanov's failure to comply may result in the cancellation of his deposition or a ruling that his testimony is inadmissible.[2]

**SO ORDERED.**

Dated:    September 27, 2023
         New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge

---

[2] Defendants' request for reciprocal discovery from the Government, (dkt. no. 139 at 2-3, 5), is denied as moot in light of the Government's representation that it has produced the requested discovery, (dkt. no. 140 at 1).